UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACK LOUMENA,<br><br>        Plaintiff,<br><br>    v.<br><br>PAMELA KENNEDY, et al.,<br><br>        Defendants. | Case No. 15-CV-00951-LHK<br><br>**ORDER GRANTING MOTIONS TO DISMISS, GRANTING TITLE CO.'S MOTION FOR SANCTIONS, DENYING PLAINTIFF'S MOTION FOR SANCTIONS, AND DECLARING PLAINTIFF A VEXATIOUS LITIGANT**<br><br>Re: Dkt. Nos. 21, 29, 30, 33 |

Before the Court is: (1) a Motion to Dismiss filed by Defendants Walter P. Hammon ("Hammon") and Travis I. Krepelka ("Krepelka"), ECF No. 21; (2) a Motion to Dismiss and to Declare Plaintiff Jack Loumena ("Plaintiff") a Vexatious Litigant filed by Defendants Chicago Title Co. and Jeanie O'Connor (collectively, "Title Co.") (with Hammon and Krepelka, "Defendants"), ECF No. 30; (3) Title Co.'s Motion for Sanctions against Plaintiff, ECF No. 29; (4) Plaintiff's Motion for Sanctions against Title Co., ECF No. 33; and (5) requests for judicial notice filed by all parties, ECF Nos. 23, 26, 30-2, 34.

Having considered the submissions of the parties, the relevant law, and the record in this case, the Court hereby GRANTS Defendants' Motions to Dismiss, GRANTS Title Co.'s Motion

1

United States District Court
Northern District of California

1    for Sanctions, DENIES Plaintiff's Motion for Sanctions, and DECLARES Plaintiff a vexatious

2    litigant.

3    **I.      BACKGROUND**

4         **A.   Factual Background**

5         This case arises out of the state court divorce proceedings between Plaintiff's mother,

6    Wylmina E. Hettinga ("Hettinga"), and father, Timothy Loumena ("Loumena").  The state divorce

7    case has been ongoing since 2005.  ECF No. 23 (Hammon's and Krepelka's Request for Judicial

8    Notice, "HK RJN") Ex. E ("Aug. 25, 2014 Order"); ECF No. 30 (Title Co.'s Request for Judicial

9    Notice, "Title RJN") Ex. H (same).

10        The instant complaint alleges facts and a cause of action nearly identical to a previous case

11   brought by Plaintiff against the same defendants.  *See* HK RJN Ex. I (Complaint in *Loumena v.*

12   *Kennedy, et al. ("Kennedy I")*, No. 14-CV-04165-LHK, or "*Kennedy I* Compl."); Title RJN Ex. M

13   (same).  As in *Kennedy I*, Plaintiff's complaint here alleges one cause of action: a violation of

14   Plaintiff's civil rights under 42 U.S.C. § 1983.  ECF No. 1 ("Compl."); *see also Kennedy I* Compl.

15   Also as in *Kennedy I*, Plaintiff's complaint alleges that Defendants acted under the color of law to

16   deprive Plaintiff of his property in violation of his Fourth, Fifth, and Fourteenth Amendment

17   rights.[1]  Compl. ¶¶ 32-36; *see also Kennedy I* Compl. ¶¶ 25-30.  The instant complaint additionally

18   alleges that Defendants deprived Plaintiff of his property in violation of federal tax laws.  Compl.

19   ¶ 36 (citing 26 U.S. §§ 7205(1),(5)(A)).

20

21   ─────────────────────

22   [1] The complaint fails to claim a violation of Plaintiff's Fourteenth Amendment rights, although
     Plaintiff cites the Fourteenth Amendment in Plaintiff's briefs.  *See* Compl. ¶¶ 32-34; ECF No. 25
23   ("Opp.").  However, Plaintiff clearly intends to state a claim against a state official.  *See*
     *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 764 & n.12 (2010) (noting that the Fourteenth
24   Amendment applies the Fifth Amendment's just compensation clause and the Fourth
     Amendment's prohibition against unreasonable searches and seizures to the states).  The Court
25   will construe the complaint as claiming a violation of Plaintiff's Fourth and Fifth Amendment
     rights, as applied to state actors by the Fourteenth Amendment.  *See Erickson v. Pardus*, 551 U.S.
26   89, 94 (2007) (per curiam) ("A document filed *pro se* is to be liberally construed, and a *pro se*
     complaint, however inartfully pleaded, must be held to less stringent standards than formal
27   pleadings drafted by lawyers." (internal citations omitted)).

28
     Case No. 15-CV-00951-LHK
     ORDER GRANTING MOTIONS TO DISMISS, GRANTING TITLE CO.'S MOTION FOR SANCTIONS,
     DENYING PLAINTIFF'S MOTION FOR SANCTIONS, AND DECLARING PLAINTIFF A VEXATIOUS
     LITIGANT

United States District Court
Northern District of California

United States District Court
Northern District of California

1    The factual allegations in the instant complaint mirror the allegations in *Kennedy I*.

2    Plaintiff's complaint arises out of the state-court-ordered sale of the Hettinga-Loumena family

3    home ("the Property").  Compl. ¶ 11; HK RJN Ex. A ("The family residence located at 21251

4    Almaden Road, San Jose, CA is treated as community property."); Title RJN Ex. A (same).

5    Plaintiff, who is *pro se*, alleges that Defendants acted under the color of law and in an "agency

6    relationship" to transfer the Property to Loumena, who then sold the Property to third parties.

7    Compl. ¶¶ 14, 21, 25; *see also Kennedy I* Compl. ¶¶ 17-18, 21.  According to the complaint, the

8    Property was sold to third party bidders even though Pacific Almaden Investments, LLC ("PAI")

9    was the highest bidder.  *Id.* ¶ 26.

10   PAI "is a limited liability corporation which was originally owned, at least on paper, by . . .

11   Timothy Tibbott.  Mr. Tibbott was the former live in boyfriend of [Hettinga]."  Aug. 25, 2014

12   Order at 5.  PAI also appears to involve Hettinga's brother, Joel Hettinga.  *Id.* at 4.  From 2010 to

13   2012, Hettinga attempted to transfer her interest in the Property to PAI by executing quitclaim

14   deeds signed only by herself or her brother and not by Loumena.  *Id.* at 4.  The state court found

15   that "the transfers executed by [Hettinga] in her attempts to transfer title to the former family

16   residence violated the Automatic Temporary Restraining Orders" under Family Code § 2040.  *Id.*

17   at 6.  The transfers were also in violation of Hettinga's fiduciary duty to Loumena.  *Id.* at 7.

18   Accordingly, the state court found "that the series of deeds . . . were void and of no force and

19   effect."  *Id.* at 12.

20   Documents from the state court divorce case—the same documents before this Court in

21   *Kennedy I*—reveal that the state court repeatedly ordered the Property to be sold, with the

22   proceeds to be placed in a trust account.  In an order filed January 23, 2013, the state court wrote:

23   This Court previously ordered this property sold on 1 September 2011 (order filed
     28 March 2012).  Under that Order, Respondent Timothy Loumena was to select
24   the realtor, both parties were to sign any and all necessary paperwork, and the net
     proceeds were to be placed into an interest-bearing trust account.  The Court
25   reiterates and modifies that Order as follows:

26

27                                                    3

(a) The property shall be listed and sold forthwith.  The listing agent shall be the individual named on the record by Mr. Loumena—Scott Raley of Customer Service Realty.  Mr. Loumena shall be the sole lister of the property.

(b) Mr. Loumena shall work with the realtor to prepare the property for sale and make decisions concerning the appropriate list price, what to do with offers received, and any other necessary elements of the sales process. . . . As to any documents requiring any signatures from Ms. Hettinga, . . . Mr. Loumena shall provide them, and those parties shall promptly sign and return the documents to Mr. Loumena.  If three (3) days after presenting the documents, Mr. Loumena has not received the necessary signatures, he may bring the documents to Department 83 for the Court Clerk to sign as elisor on behalf of Ms. Hettinga, . . . .

(c) All net sales proceeds shall be immediately placed in a blocked, interest-bearing trust account, and shall not be released in any fashion absent further Court Order.

(d) The Court expressly reserves jurisdiction over all parties' respective interests, if any, in the proceeds, which shall be determined after the sale and deposit of proceeds into a trust account.

Title RJN Ex. C at 2 ("Jan. 23, 2013 Order"); *see also* HK RJN Ex. B ("Mar. 28, 2012 Order") ("The house at 21251 Almaden Road, San Jose, CA shall be sold with Respondent charged with selecting the Real Estate Agent to facilitate the sale. . . . Net proceeds shall be placed into an interest bearing trust account.  A court order will be required to disburse the funds from the account.").

Pursuant to the January 23, 2013 state court order, Loumena was required to have the Superior Court Clerk, Defendant Pamela Kennedy ("Kennedy"), sign as elisor on behalf of Hettinga and PAI.  *See* Compl. Ex. M (recorded Grant Deed showing transfer from PAI to Loumena, signed by Kennedy); HK RJN Ex. F (recorded Grant Deed showing transfer from Hettinga to Loumena, signed by Kennedy).  The Property was then sold by Loumena to a third party.  Compl. ¶ 25.  The state court later found that "the sale to the third party buyers was proper, final, and in full compliance with all prior orders to sell the subject property."  Aug. 25, 2014 Order at 3.  The state court also divided the proceeds of the sale between Loumena and Hettinga. *Id.* at 3, 5.

Case No. 15-CV-00951-LHK
ORDER GRANTING MOTIONS TO DISMISS, GRANTING TITLE CO.'S MOTION FOR SANCTIONS, DENYING PLAINTIFF'S MOTION FOR SANCTIONS, AND DECLARING PLAINTIFF A VEXATIOUS LITIGANT

1    These same allegations and state court orders were before this Court in *Kennedy I.  See*

2    *generally* HK RJN Ex. J (Order Granting Motion to Dismiss in *Kennedy I*, or "*Kennedy I*

3    Dismissal"); Title RJN Ex. N (same).  The only new allegations in the instant complaint relate to

4    Plaintiff's claims to ownership of the Property.  Plaintiff now alleges that Hettinga gifted the

5    Property to Plaintiff in 2006.  Compl. ¶ 14.  Plaintiff also alleges that, at some later point, Hettinga

6    transferred the Property to PAI, and, at some point, PAI's ownership transferred to Plaintiff.  *Id.*

7    ¶ 12 (alleging that Plaintiff is "the sole member of PAI").  Additionally, Plaintiff now alleges that

8    PAI purchased the Property in a foreclosure sale. *Id.* ¶¶ 16, 19.  In the August 25, 2014 Order, the

9    state court found that "[t]he foreclosure sale did not occur . . . . PAI never acquired title by

10   purchasing the property in a foreclosure sale."  Aug. 25, 2014 Order at 12.  The state court further

11   noted, "There are no deeds transferring title by virtue of a foreclosure," leaving PAI without any

12   interest in the Property.  *Id.* at 13.

13   **B.   Prior Litigation Involving the Hettinga-Loumena Divorce**

14      **1.   Overview of Hettinga-Loumena Divorce Litigation**

15   This is now the twelfth case in the U.S. District Court for the Northern District of

16   California filed by Plaintiff, Plaintiff's company PAI, Hettinga, or Plaintiff's brother regarding the

17   divorce proceedings of Hettinga and Loumena.  *See Loumena v. Hammon, et al. ("Hammon II")*,

18   No. 15-CV-03613-NC; *M.L. v. Nichols, et al. ("Nichols II")*, 15-CV-02303-BLF; *Hettinga v.*

19   *Paliwal*, No. 15-CV-02246-BLF; *Loumena v. Nichols, et al. ("Nichols I")*, No. 15-CV-01372-

20   BLF; *M.L. v. Barth*, No. 14-CV-05423-LHK; *Kennedy I*, No. 14-CV-04165-LHK; *Pacific*

21   *Almaden Invs., LLC v. Hettinga, et al. ("PAI")*, 14-CV-01631-RMW; *Hettinga v. Loumena*

22   *("Loumena II")*, No. 13-CV-02217-RMW; *Hettinga, et al. v. Loumena, et al. ("Loumena I")*, No.

23   10-CV-02975-JSW; *Hettinga v. Orlando, et al.*, No. 09-CV-00253-JW; *Hettinga v. Hammon, et*

24   *al. ("Hammon I")*, No. 09-CV-06040-JW.

25      Six different judges of the Northern District have heard these twelve cases.  Seven of these

26   cases have been the subject of a motion to dismiss, and all seven were dismissed for lack of

27

28   Case No. 15-CV-00951-LHK
     ORDER GRANTING MOTIONS TO DISMISS, GRANTING TITLE CO.'S MOTION FOR SANCTIONS,
     DENYING PLAINTIFF'S MOTION FOR SANCTIONS, AND DECLARING PLAINTIFF A VEXATIOUS
     LITIGANT

United States District Court
Northern District of California

United States District Court
Northern District of California

1   subject matter jurisdiction under the *Rooker-Feldman* doctrine, including *Kennedy I. See Nichols*

2   *I*, No. 15-CV-01372-BLF (dismissing case under the *Rooker-Feldman* doctrine and collecting

3   previous cases).  Two of the dismissed cases have been summarily affirmed by the U.S. Court of

4   Appeals for the Ninth Circuit.  *See PAI*, 14-CV-01631-RMW; *Orlando*, No. 09-CV-00253-JW.

5          The California Superior Court and the California Court of Appeal have each declared

6   Hettinga a vexatious litigant.  Aug. 25, 2014 Order at 8.  The U.S. District Court for the Northern

7   District of California has also declared Hettinga a vexatious litigant.  *Loumena II*, No. 13-CV-

8   02217-RMW, 2014 WL 4955187, at *4-5 (N.D. Cal. Sept. 30, 2014).  As a result, Hettinga is

9   subject to a pre-filing review of all her future filings in the U.S. District Court for the Northern

10  District of California.  *Id.*  Specifically, "[t]he Clerk of this court may not file or accept any further

11  complaints filed by or on behalf of Wylmina Hettinga as a named plaintiff that arise out of facts

12  related to plaintiff's divorce case."  *Id.* at *5.

13         **2.  Plaintiff's First Case:  *Kennedy I***

14         Including the instant case, Plaintiff has filed four of the twelve cases in this district

15  involving the Hettinga-Loumena divorce proceedings.  Plaintiff filed his first suit, *Kennedy I*, on

16  September 16, 2014.  *Kennedy I* Dismissal at 4.  As discussed above, *Kennedy I* and this case

17  present virtually identical allegations against the same defendants.  *See generally* Compl.;

18  *Kennedy I* Compl.  The instant case adds only some new allegations about Plaintiff's and PAI's

19  ownership of the Property.  *See generally* Compl.; *Kennedy I* Compl.  In *Kennedy I*, as in the

20  instant case, Plaintiff argued that the sale of the Property to a third party, the execution of the grant

21  deed by Kennedy, and the distribution of the proceeds from the sale violate Plaintiff's Fourth,

22  Fifth, and Fourteenth Amendment rights.  *Kennedy I* Dismissal at 8.  On February 27, 2015, this

23  Court dismissed *Kennedy I* for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman*

24  doctrine.  *Id.* at 9.

25         *Kennedy I*, and the instant case, overlap substantially with two earlier suits by Hettinga.

26  First, on May 15, 2013, Hettinga sued Loumena and Kennedy and alleged that she or PAI owned

27                                                          6

the Property and Kennedy granted the Property to Loumena in violation of Hettinga's Fourth,

Fifth, and Fourteenth Amendment rights. *Loumena II*, No. 13-CV-02217-RMW.  On September

30, 2014, Hettinga's suit was dismissed for lack of subject matter jurisdiction under the *Rooker-*

*Feldman* doctrine and Hettinga was declared a vexatious litigant. *Id.*  Hettinga's suit is on appeal

with the Ninth Circuit.  ECF No. 27 (Plaintiff's Request for Judicial Notice, or "PRJN 1") (Order

of the Ninth Circuit in Case No. 14-17135 denying summary affirmance); ECF No. 34 (Plaintiff's

Request for Judicial Notice, or "PRJN 2") Ex. B (same).

Second, on April 9, 2014, PAI sued Hettinga, Loumena, Kennedy, Scott Raley ("Raley"),

and O'Connor.  HK RJN Ex. H (Order Granting Motion to Dismiss in *PAI*, No. 14-CV-01631-

RMW, or "*PAI* Dismissal"); Title RJN Ex. L (same).  Hettinga filed a cross complaint, naming

PAI, Loumena, Kennedy, Raley, O'Connor, and Chicago Title Co as defendants. *Id.*  The Court

noted, "The complaint and cross-complaint allege similar facts and claims, all of which are nearly

identical to the claim brought by Hettinga in an earlier case in this district against the same

defendants," referring to *Loumena II*. *Id.* at 2.  PAI and Hettinga alleged that the sale of the

Property to a third party, the execution of the grant deed by Kennedy, and the distribution of the

proceeds from the Property's sale were in violation of Hettinga's and PAI's Fourth, Fifth, and

Fourteenth Amendment rights. *Id.* at 2-3.  On October 1, 2014, the Court dismissed the complaint

and cross-complaint for lack of subject matter jurisdiction under the *Rooker-Feldman*. *Id.* at 5.

Hettinga appealed to the Ninth Circuit, which denied Hettinga in forma pauperis status because

"the appeal is frivolous." *PAI*, 14-CV-01631-RMW.  The Ninth Circuit summarily affirmed the

district court on April 16, 2015, noting that "the questions raised in this appeal are so insubstantial

as to not require further argument." *Id.*

### 3.  Plaintiff's Second Case:  *Nichols I*

On March 25, 2015, Plaintiff filed his second suit arising out of the Hettinga-Loumena

divorce proceedings, this time against Hammon and a retired Santa Clara County Superior Court

Judge. *Nichols I*, No. 15-CV-01372-BLF.  Plaintiff challenged the Superior Court Judge's

7

ORDER GRANTING MOTIONS TO DISMISS, GRANTING TITLE CO.'S MOTION FOR SANCTIONS,
DENYING PLAINTIFF'S MOTION FOR SANCTIONS, AND DECLARING PLAINTIFF A VEXATIOUS
LITIGANT

United States District Court
Northern District of California

1   January 6, 2015 refusal to hear any more requests for declaratory relief from a state court order

2   that required Plaintiff to be in the care of Loumena and have limited contact with Hettinga. *Id.*

3   On August 3, 2015, the Court dismissed the complaint for lack of subject matter jurisdiction

4   pursuant to the *Rooker-Feldman* doctrine. *Id.*

5         Plaintiff's younger brother filed a virtually identical suit on May 21, 2015 against

6   Hammon and the same Superior Court Judge. *Nichols II*, 15-CV-02303-BLF. Plaintiff's younger

7   brother challenged the Superior Court Judge's January 6, 2015 refusal to hear more requests for

8   declaratory relief from an order that barred Plaintiff's younger brother from Hettinga's custody.

9   *Id.* This suit remains pending.

10         *Nichols I* and *Nichols II* follow a December 28, 2009 suit by Hettinga on behalf of herself,

11   Plaintiff, Plaintiff's younger brother, and Hettinga's other minor children, in which Hettinga

12   challenged the state court's limitation of her visitation rights. *Hammon I*, No. 09-CV-06040-JW.

13   On April 1, 2010, Hettinga's case was dismissed for lack of subject matter jurisdiction pursuant to

14   the *Rooker-Feldman* doctrine. *Id.*

15      **4.  Plaintiff's Third Case:  *Hammon II***

16         Plaintiff filed his third case arising out of the Hettinga-Loumena divorce proceedings on

17   August 6, 2015. *Hammon II*, No. 15-CV-03613-NC. Plaintiff sued Hammon and Krepelka for

18   distributing Plaintiff's money from the proceeds of the sale of the Property, held in an interest-

19   bearing trust account, to themselves and their clients and colleagues. *Id.*; ECF No. 45 (Plaintiff's

20   Motion to Relate). Plaintiff's third case remains pending.

21      **C.  Procedural Background**

22         On February 27, 2015, this Court dismissed *Kennedy I* for lack of subject matter

23   jurisdiction pursuant to the *Rooker-Feldman* doctrine. *Kennedy I* Dismissal at 9. Three days later,

24   on March 2, 2015, Plaintiff filed the instant complaint. ECF No. 1. The complaint names the

25   same six defendants from *Kennedy I*: Kennedy, Clerk of the Santa Clara County Superior Court;

26   Hammon, an attorney appointed by the state court to represent Hettinga and Loumena's four

27                                                   8

28   ORDER GRANTING MOTIONS TO DISMISS, GRANTING TITLE CO.'S MOTION FOR SANCTIONS,
    DENYING PLAINTIFF'S MOTION FOR SANCTIONS, AND DECLARING PLAINTIFF A VEXATIOUS
    LITIGANT

United States District Court
Northern District of California

1    minor children; Krepelka, Loumena's attorney; Raley, the court-appointed real estate listing agent;

2    Chicago Title Co., which was involved in the sale of the Property; and Jeanie O'Connor, who has

3    some relationship with Chicago Title Co.[2]

4         Defendants Hammon and Krepelka filed a Motion to Dismiss and Request for Judicial

5    Notice on May 22, 2015.  ECF Nos. 21, 23.  Plaintiff opposed the Motion to Dismiss and filed a

6    Request for Judicial Notice on June 4, 2015.  Opp.; PRJN 1.  Defendants Hammon and Krepelka

7    replied on June 11, 2015.  ECF No. 31.

8         Title Co. filed a Motion for Sanctions on June 10, 2015.  ECF No. 29.  That same day,

9    Title Co. moved to dismiss the complaint and to declare Plaintiff a vexatious litigant.  ECF No. 30.

10   Additionally, Title Co. filed a Request for Judicial Notice.  ECF No. 30-2.  On June 18, 2015,

11   Plaintiff opposed all of Title Co.'s motions.  ECF No. 33 ("Opp.2").  Plaintiff also filed a second

12   Request for Judicial Notice.  PRJN 2.  Title Co. did not reply.

13   **II.     LEGAL STANDARDS**

14      **A.  Rule 12(b)(1) Subject Matter Jurisdiction**

15        A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant

16   to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  "The party asserting federal subject

17   matter jurisdiction bears the burden of proving its existence."  *Chandler v. State Farm Mut. Auto*

18   *Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).  The party carries that burden by putting forth "the

19   manner and degree of evidence required" by whatever stage of the litigation the case has reached.

20   *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

21      **B.  Rule 12(b)(6) Motion to Dismiss**

22        Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a

23   short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint

24   that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6).  Rule 8(a) requires a

25

26   [2] Summons were issued for each defendant on April 13, 2015.  ECF Nos. 4-9.  No proofs of
     service have been filed.  Defendants Raley and Kennedy have not yet appeared in the case.

27

9

28   Case No. 15-CV-00951-LHK
     ORDER GRANTING MOTIONS TO DISMISS, GRANTING TITLE CO.'S MOTION FOR SANCTIONS,
     DENYING PLAINTIFF'S MOTION FOR SANCTIONS, AND DECLARING PLAINTIFF A VEXATIOUS
     LITIGANT

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).  Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam).  Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### C. Rule 11 Sanctions

"Rule 11 requires the imposition of sanctions when a motion is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Conn v. Borjorquez*, 967 F.2d 1418, 1420 (9th Cir. 1992).  "The central purpose of Rule 11 is to deter baseless filings . . . ." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 254 (9th Cir. 1992) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)).  An "improper purpose" is a purpose to "harass or to cause unnecessary delay or needless increase in the cost of litigation."  Fed. R. Civ. P. 11(b)(1).  The test for improper purpose is an objective one.  *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003).

Case No. 15-CV-00951-LHK
ORDER GRANTING MOTIONS TO DISMISS, GRANTING TITLE CO.'S MOTION FOR SANCTIONS, DENYING PLAINTIFF'S MOTION FOR SANCTIONS, AND DECLARING PLAINTIFF A VEXATIOUS LITIGANT

1        Courts also use an objective standard to address the other conditions for Rule 11 sanctions

2   by looking to whether a reasonable basis for the challenged position existed in law and fact at the

3   time the position was adopted.   *Conn*, 967 F.2d at 1421; *see also Bus. Guides, Inc. v. Chromatic*

4   *Commc'ns Enters., Inc.*, 498 U.S. 533, 554 (1991) (establishing the "objective standard of

5   reasonable inquiry" imposed by Rule 11).  In determining whether an objectively reasonable basis

6   exists, whether the pleader is correct in his perception of the law is not critical.  *Conn*, 967 F.2d at

7   1421.  Thus, if a court finds that a party made a reasonably arguable claim at the time of filing the

8   complaint, the court should not apply Rule 11 sanctions.

9   **III.     DISCUSSION**

10     **A.  Requests for Judicial Notice**

11       The Court first addresses the parties' requests for judicial notice.  Although a district court

12  generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion,

13  the Court may take judicial notice of documents referenced in the complaint, as well as matters in

14  the public record, without converting a motion to dismiss into one for summary judgment. *See Lee*

15  *v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001), *overruled on other grounds by Galbraith v.*

16  *Cnty. of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002).  In addition, the Court may take

17  judicial notice of matters that are either "generally known within the trial court's territorial

18  jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot

19  reasonably be questioned." Fed. R. Evid. 201(b).  Public records, including judgments and other

20  court documents, are proper subjects of judicial notice.  *See, e.g.*, *United States v. Black*, 482 F.3d

21  1035, 1041 (9th Cir. 2007).  Records filed with a county recorder are also judicially noticeable as

22  undisputed public records.  *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d

23  861, 866 n.1 (9th Cir. 2004).

24     **1.  Defendants' Requests for Judicial Notice**

25       First, in support of Hammon's and Krepelka's Motion to Dismiss, Hammon and Krepelka

26  request judicial notice of various orders and filings by the parties, including complaints, in related

27  Case No. 15-CV-00951-LHK

28  ORDER GRANTING MOTIONS TO DISMISS, GRANTING TITLE CO.'S MOTION FOR SANCTIONS,
    DENYING PLAINTIFF'S MOTION FOR SANCTIONS, AND DECLARING PLAINTIFF A VEXATIOUS
    LITIGANT

United States District Court
Northern District of California

United States District Court
Northern District of California

1  state and federal court proceedings.  *See* HK RJN.  Plaintiff does not oppose Hammon's and

2  Krepelka's request.  The Court GRANTS Hammon's and Krepelka's Request for Judicial Notice,

3  as these are filings in related state and federal court proceedings.  *See Black*, 482 F.3d at 1041.

4         Second, Title Co. requests judicial notice in support of Title Co.'s Motion to Dismiss and

5  to Declare Plaintiff a Vexatious Litigant.  Title Co.'s Request for Judicial Notice is largely

6  duplicative of Hammon's and Krepelka's request.  *See* Title RJN Exs. A-B, G, H-J, L-N (orders

7  and party filings in related state and federal cases).  However, Title Co. requests judicial notice of

8  additional state court orders, *id.* Exs. C-E, and Hettinga's cross-complaint in *PAI*, No. 14-CV-

9  01631-RMW, *id.* Ex. K.  Finally, Title Co. requests judicial notice of the "Vexatious Litigant List"

10 maintained by the California Judicial Council.  *Id.* Ex. F.

11        In response to Title Co.'s request, Plaintiff opposes only judicial notice of Exhibit A, a

12 Superior Court order filed on January 10, 2008 that found the Property was community property.

13 The Court notes that it granted judicial notice of this document in response to Hammon's and

14 Krepelka's Request for Judicial Notice, which Plaintiff did not oppose.  Plaintiff argues that Title

15 Co. should have notified this Court of a state Court of Appeal remand order altering part of the

16 Superior Court's order in Exhibit A.  Opp.2 at 4.  However, Title Co.'s Exhibit H included a

17 description of the remand order.  Title RJN Ex. H.  Moreover, Plaintiff relies on Title Co.'s

18 Exhibit H as evidence of the remand order.  Opp.2 at 4.  Further, Plaintiff does not argue that

19 Exhibit A is an inaccurate copy of the Superior Court's ruling as issued.  Additionally, the remand

20 order appears to have almost entirely affirmed the state court order in Exhibit A.  *See* Compl. Ex.

21 L (noting the remand order affirmed that the house was community property, except for a small

22 portion that Hettinga had separately contributed); Aug. 25, 2014 Order at 1.  The Court GRANTS

23 Title Co.'s Request for Judicial Notice, as these are filings in related state and federal court

24 proceedings or other public records.  *See Black*, 482 F.3d at 1041; *Rupert v. Bond*, No. 12-CV-

25 05292-LHK, 2013 WL 5289617, at *5 (N.D. Cal. Sept. 18, 2013) (granting request for judicial

26 notice of the California Vexatious Litigant List).

27                                                                12

28

1

2.  **Plaintiff's Requests for Judicial Notice**

2

First, in opposition to Hammon's and Krepelka's Motion to Dismiss, Plaintiff requests

3

judicial notice of an order filed in Ninth Circuit Case No. 14-17135, two exhibits submitted in the

4

same Ninth Circuit case, and an excerpt from a Memorandum of Points and Authorities in an

5

unnamed case.  PRJN 1.  Plaintiff also requests notice of an affidavit filed by Hettinga.  *Id.*

6

Defendants Hammon and Krepelka oppose Plaintiff's Request for Judicial Notice.  ECF No. 31.

7

The Court GRANTS judicial notice of the order filed by the Ninth Circuit in Case No. 14-

8

17135, as it is a filing in a related court proceeding.  *See Black*, 482 F.3d at 1041.  However, the

9

Court DENIES judicial notice of the two exhibits submitted in the Ninth Circuit case and the

10

memorandum.  For each of these three documents, Plaintiff submitted only a single page from an

11

apparently longer document.  Each page fails to identify the document of which it is part and the

12

document's authorship.  Moreover, Plaintiff fails to explain the relevance of these out-of-context

13

pages.  The Court finds these documents are not sources whose accuracy cannot reasonably be

14

questioned and that they are not relevant to an issue presented.  *See* Fed. R. Evid. 201(b); *Flick v.*

15

*Liberty Mut. Fire Inc. Co.*, 205 F.3d 386, 392 n.7 (9th Cir. 2000).  Further, the Court DENIES

16

Plaintiff's request for judicial notice of Hettinga's affidavit.  This document includes hearsay and

17

statements about documents that are not attached.  Moreover, Hettinga has an interest in the

18

outcome of this action.  As a result, the Court finds Hettinga's affidavit is not a source whose

19

accuracy cannot be reasonably be questioned.  *See* Fed. R. Evid. 201(b).

20

Second, Plaintiff filed a Request for Judicial Notice in opposition to Title Co.'s Motion to

21

Dismiss and to Declare Plaintiff a Vexatious Litigant.  Plaintiff again requests notice of the Ninth

22

Circuit's order in Ninth Circuit Case No. 14-17135, *see* PRJN 2 Ex. B, which the Court GRANTS

23

for the reason stated above.  Plaintiff also requests notice of excerpts from a reply brief and a

24

memorandum filed in other cases, a declaration by PAI lawyer Michael Stone ("Stone") filed in a

25

state court case, a letter sent to PAI by Loumena, and a grant deed executed by Chicago Title Co.

26

PRJN 2 Exs. A, C-F.  Title Co. does not oppose Plaintiff's Request for Judicial Notice.

27

13

28

Case No. 15-CV-00951-LHK
ORDER GRANTING MOTIONS TO DISMISS, GRANTING TITLE CO.'S MOTION FOR SANCTIONS,
DENYING PLAINTIFF'S MOTION FOR SANCTIONS, AND DECLARING PLAINTIFF A VEXATIOUS
LITIGANT

United States District Court
Northern District of California

1    The Court GRANTS judicial notice of the grant deed, as it is a public record.  *See Black*,

2    482 F.3d at 1041.  The Court DENIES the remainder of Plaintiff's request, as the documents are

3    not sources whose accuracy cannot reasonably be questioned.  *See* Fed. R. Evid. 201(b).  The brief

4    and memoranda are out-of-context one-page excerpts from longer documents, without any

5    identifying information.  The Stone Declaration includes hearsay and statements about documents

6    that are not attached.  Further, PAI has an interest in the outcome of this action and thus is not a

7    source whose accuracy cannot reasonably be questioned.  Finally, the Loumena letter is not

8    notarized or authenticated in any way.

9    **B.  Motions to Dismiss**

10   All defendants move to dismiss on two grounds:  (1) no defendant is a state actor; and (2)

11   the Court lacks subject matter jurisdiction over the case pursuant to the *Rooker-Feldman* doctrine.

12   Additionally, Title Co. asserts that Plaintiff lacks standing.  Because the Court finds that it lacks

13   subject matter jurisdiction under the *Rooker-Feldman* doctrine, the Court need not address

14   Defendants' other arguments.

15   Under the *Rooker-Feldman* doctrine, a federal district court has no authority to review the

16   final determinations of a state court in judicial proceedings.  *Dist. of Columbia Court of Appeals v.*

17   *Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

18   "The purpose of the doctrine is to protect state judgments from collateral federal attack.  Because

19   district courts lack power to hear direct appeals from state court decisions, they must decline

20   jurisdiction whenever they are 'in essence called upon to review the state court decision.'"  *Doe &*

21   *Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (quoting *Feldman*, 460

22   U.S. at 482 n.16).  The *Rooker-Feldman* doctrine precludes not only review of decisions of the

23   state's highest court, but also those of its lower courts.  *See Dubinka v. Judges of Superior Court*,

24   23 F.3d 218, 221 (9th Cir. 1994).  A challenge under the *Rooker-Feldman* doctrine is a challenge

25   for lack of subject matter jurisdiction.  *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir.

26   1998).

27                                              14

28   ORDER GRANTING MOTIONS TO DISMISS, GRANTING TITLE CO.'S MOTION FOR SANCTIONS,
     DENYING PLAINTIFF'S MOTION FOR SANCTIONS, AND DECLARING PLAINTIFF A VEXATIOUS
     LITIGANT

United States District Court
Northern District of California

United States District Court
Northern District of California

1    The *Rooker-Feldman* doctrine applies when a plaintiff in federal court alleges a "de facto

2    appeal" by (1) asserting errors by the state court as an injury, and (2) seeking relief from the state

3    court judgment as a remedy.  *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139-40 (9th Cir. 2004).

4    "A federal action constitutes such a de facto appeal where 'claims raised in the federal court action

5    are 'inextricably intertwined' with the state court's decision such that the adjudication of the

6    federal claims would undercut the state ruling or require the district court to interpret the

7    application of state laws or procedural rules.'"  *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855,

8    859 (9th Cir. 2008) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)).

9    In this case, Plaintiff brings a § 1983 claim based on the state court's alleged violation of

10    federal tax laws and Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights in ordering and

11    executing the sale of the family property.  Compl. ¶¶ 32-36.  Plaintiff seeks relief in the form of

12    monetary damages and an injunction barring Defendant Kennedy from being a Court Clerk of any

13    court in the United States.  *Id.* ¶¶ 37-38.

14    As in *Kennedy I*, Plaintiff appears to challenge (1) the state court's order to sell the

15    Property, (2) the execution of the sale of the Property to third-party buyers, and (3) the distribution

16    of the proceeds from the sale.  As before, the Court finds all three challenges barred by the

17    *Rooker-Feldman* doctrine.  Plaintiff also challenges the "seizure" of PAI's interest in the Property.

18    This challenge is also barred by the *Rooker-Feldman* doctrine.

19    First, to the extent that Plaintiff is challenging the sale of the Property, that would

20    constitute a collateral attack on the state court's order directing the property to be sold.  The state

21    court ordered, "The house at 21251 Almaden Road, San Jose, CA shall be sold with [Loumena]

22    charged with selecting the Real Estate Agent to facilitate the sale."  Mar. 28, 2012 Order.  The

23    state court also ordered, "The property shall be listed and sold forthwith.  The listing agent shall be

24    the individual named on the record by Mr. Loumena—Scott Raley of Customer Service Realty."

25    Jan. 23, 2013 Order.  In order to review the propriety of the sale of the Property, this Court would

26    have to review the state court's March 28, 2012 and January 23, 2013 Orders.  However, "when a

27                                                    15

28    Case No. 15-CV-00951-LHK
     ORDER GRANTING MOTIONS TO DISMISS, GRANTING TITLE CO.'S MOTION FOR SANCTIONS,
     DENYING PLAINTIFF'S MOTION FOR SANCTIONS, AND DECLARING PLAINTIFF A VEXATIOUS
     LITIGANT

losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal." *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003). This is exactly the case here, where Plaintiff, arguably "losing" in state court, asserts that the orders to sell the Property violated his Constitutional rights. Compl. ¶ 36. The case is "a forbidden de facto appeal." *Noel*, 341 F.3d at 1156.

Second, Plaintiff challenges the execution of the sale on the grounds that the Property was sold to third party buyers instead of PAI and the sale documents were improperly signed by Kennedy. The state court expressly ruled that "the sale to the third party buyers was proper, final, and in full compliance with all prior orders to sell the subject property." Aug. 25, 2014 Order at 3. Additionally, the state court noted that "the Court ordered that the Clerk of the Court would be authorized to sign documents required to complete the sale in the event that [Hettinga] refused to sign the required documents." *Id.*; *see also* Jan. 23, 2013 Order (setting out procedure for the Court Clerk to sign sale documents). Given the state court's express ruling approving the sale to third party buyers, this Court cannot review whether PAI was a higher bidder or whether the Court Clerk should have signed the documents. Such a review is forbidden by the *Rooker-Feldman* doctrine. "A federal action constitutes such a *de facto* appeal where claims raised in the federal court action are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Reusser*, 525 F.3d at 859 (citation omitted). "Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined" and the action is properly dismissed under the *Rooker-Feldman* doctrine. *Doe & Assocs.*, 252 F.3d at 1030.

Third, to the extent that Plaintiff challenges the distribution of the proceeds from the sale, that is a challenge to the state court's order requiring that the funds be placed in a trust and distributed at the court's direction. "The *Rooker-Feldman* doctrine, generally speaking, bars a

16

United States District Court
Northern District of California

1  plaintiff from bringing a § 1983 suit to remedy an injury inflicted by the state court's decision."

2  *Jensen v. Foley*, 295 F.3d 745, 747 (7th Cir. 2002); *see also Rhodes v. Gordon*, No. CV 12-2863-

3  JGB(DTB), 2013 WL 3780378, at *10 (C.D. Cal. July 16, 2013) ("A plaintiff may not avoid the

4  *Rooker-Feldman* bar by styling his attack on the state court's ruling as a civil rights action."

5  (citing *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995))).  The state court divided the proceeds

6  of the sale between Loumena and Hettinga, and directed that Loumena's attorney distribute the

7  funds only in accordance with the state court's order.  Aug. 25, 2014 Order at 3, 22.  Thus, this

8  Court cannot review the state court's distribution of funds.  *See Reusser*, 525 F.3d at 859.

9       Finally, Plaintiff challenges the seizure of PAI's interest in the Property.  Plaintiff claims

10 that, at some point prior to the sale to third party buyers, PAI purchased the Property in a non-

11 judicial foreclosure.  Compl. ¶ 16.  However, the state court ruled that, "The foreclosure sale did

12 not occur . . . PAI never acquired title by purchasing the property in a foreclosure sale."  Aug. 25,

13 2014 Order at 12.  The state court further noted, "There are no deeds transferring title by virtue of

14 a foreclosure."  *Id.* at 13.  This Court cannot review PAI's alleged ownership without reviewing

15 the state court's August 25, 2014 Order.  District courts "must decline jurisdiction whenever they

16 are 'in essence called upon to review the state court decision.'"  *Doe & Assocs.*, 252 F.3d at 1030.

17 Thus, this Court cannot review PAI's ownership through the foreclosure sale.

18       Plaintiff argues that the *Rooker-Feldman* doctrine does not apply for three reasons.  First,

19 Plaintiff contends that he was not a party in the state court proceedings and that PAI was not

20 notified of any state court proceedings.  Opp. at 7; Opp.2 at 3.  Plaintiff relies on *Lance v. Dennis*,

21 546 U.S. 459, 461 (2006) (per curiam), in which several citizens challenged a Colorado Supreme

22 Court decision requiring Colorado to use a court-ordered congressional redistricting plan.  The

23 district court found that the *Rooker-Feldman* doctrine barred the citizens' federal challenge

24 because the citizens were in privity with the Colorado General Assembly, who was the plaintiff

25 before the Colorado Supreme Court.  *Id.* at 462.  The U.S. Supreme Court reversed, holding that

26 the federal plaintiffs' claims were not barred because the federal plaintiffs had not been "in a

17

27

28  Case No. 15-CV-00951-LHK
    ORDER GRANTING MOTIONS TO DISMISS, GRANTING TITLE CO.'S MOTION FOR SANCTIONS,
    DENYING PLAINTIFF'S MOTION FOR SANCTIONS, AND DECLARING PLAINTIFF A VEXATIOUS
    LITIGANT

United States District Court
Northern District of California

1    position to ask this Court to review the state court's judgment." *Id*. at 465.

2         *Lance* bears little relation to this case.  Here, Plaintiff was represented in the state court

3    proceedings by a court-appointed attorney.  *See, e.g.*, HK RJN Ex. C (listing Defendant Hammon

4    as Plaintiff's attorney).  Plaintiff does not argue—and there is no indication in the record—that his

5    attorney was unable to participate in the state court proceedings or to challenge the state court

6    orders.  *See* Mar. 28, 2012 Order (noting Hammon was present at hearing); *see also Lance*, 546

7    U.S. at 465.  Additionally, Plaintiff claims ownership of the Property through his ownership of

8    PAI, and seeks to restore *PAI*'s interest in the Property.  PAI was joined to the state court divorce

9    action in August 2012.  Aug. 25, 2014 Order at 6.  Although Plaintiff asserts that PAI was not

10   notified, the state court found that "PAI was properly joined" in the state court proceeding and that

11   PAI failed to appear for a hearing "even though they were noticed for it." *Id*. at 17-18.  In fact,

12   PAI appealed the January 23, 2013 Order directing that the Property be sold and the proceeds

13   placed into a trust account. *See id*. at 22.  To the extent that Plaintiff disputes PAI's joinder in the

14   state court action, that is a challenge to the state court's August 25, 2014 Order and is barred by

15   the *Rooker-Feldman* doctrine.  *See Noel*, 341 F.3d at 1156.

16        Second, Plaintiff argues that the *Rooker-Feldman* doctrine applies only to federal cases

17   brought "after the state proceedings ended," while Plaintiff originally filed a federal lawsuit on

18   September 16, 2014.  Opp. at 7.  Although Plaintiff's argument is not clear, the Court believes

19   Plaintiff is pointing out that the *Rooker-Feldman* doctrine does not bar parallel state and federal

20   proceedings.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)

21   (noting that in *Rooker* and *Feldman*, "the losing party in state court filed suit in federal court after

22   the state proceedings ended").  However, Plaintiff points to no parallel state and federal

23   proceedings.  The state court orders essentially challenged by Plaintiff here are final court orders

24   issued before Plaintiff filed this proceeding on March 2, 2015.  ECF No. 1.

25        Third, Plaintiff contends that this Court has jurisdiction over any lawsuit between Plaintiff

26   and the IRS over a tax form that the IRS may issue for the sale of the Property.  Opp. at 6.

27                                              18

28   Case No. 15-CV-00951-LHK
     ORDER GRANTING MOTIONS TO DISMISS, GRANTING TITLE CO.'S MOTION FOR SANCTIONS,
     DENYING PLAINTIFF'S MOTION FOR SANCTIONS, AND DECLARING PLAINTIFF A VEXATIOUS
     LITIGANT

United States District Court
Northern District of California

1    Plaintiff fails to explain why an IRS action would affect the application of the *Rooker-Feldman*

2    doctrine to this case.  Moreover, Plaintiff does not allege the IRS has actually issued any tax forms

3    or taken any action regarding the Property.

4          Accordingly, Plaintiff's § 1983 claim is a challenge to the final order of a state court.  Such

5    a claim is barred by the *Rooker-Feldman* doctrine, and the Court thus GRANTS Defendants'

6    motions to dismiss without prejudice for lack of subject matter jurisdiction.  *See Freeman v.*

7    *Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (noting that dismissal for lack of

8    subject matter jurisdiction should be without prejudice).

9    ### C.  Motion for Sanctions

10         Title Co. asks for Rule 11 sanctions against Plaintiff in the amount of $10,000.  ECF No.

11   29.  Title Co. contends that Plaintiff's complaint is meritless and duplicative of previous suits, and

12   was filed to harass Title Co.  ECF No. 29-1.  In response, Plaintiff requests sanctions against Title

13   Co.'s attorney in the amount of $102,000, based on alleged inconsistency in Title Co.'s

14   representations to the Court about PAI's ownership.  Opp.2 at 2-3.  The Court addresses the two

15   motions in turn.

16   #### 1.  Title Co.'s Request for Sanctions

17         "The key question in assessing frivolousness is whether a complaint states an arguable

18   claim . . . ."  *Conn*, 967 F.2d at 1421; *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358,

19   1362 (9th Cir. 1990) (en banc) (noting a pleading is frivolous if it is "both baseless and made

20   without a reasonable and competent inquiry").  For the reasons stated below, the Court concludes

21   the instant complaint is frivolous.

22         This is essentially the fourth time a district court in the Northern District of California has

23   heard this claim, and the fourth time that this claim is being dismissed for lack of subject matter

24   jurisdiction.  The sale of the Property was first addressed in *Loumena II*, filed on May 15, 2013.

25   No. 13-CV-02217-RMW.  Hettinga sued Loumena and Kennedy for transferring the Property to

26   Loumena and accused Kennedy of improperly signing the grant deed.  *Id.*  U.S. District Judge

27                                                  19

28   Case No. 15-CV-00951-LHK
     ORDER GRANTING MOTIONS TO DISMISS, GRANTING TITLE CO.'S MOTION FOR SANCTIONS,
     DENYING PLAINTIFF'S MOTION FOR SANCTIONS, AND DECLARING PLAINTIFF A VEXATIOUS
     LITIGANT

United States District Court
Northern District of California

1   Ronald Whyte dismissed *Loumena II* for lack of subject matter jurisdiction under the *Rooker-*

2   *Feldman* doctrine on September 30, 2014.  *Id.*  Appeal is pending before the Ninth Circuit.

3          Judge Whyte next addressed the disposition of the Property when PAI sued Hettinga,

4   Loumena, Kennedy, Raley, and O'Connor on April 9, 2014.  *See PAI* Dismissal.  Hettinga filed a

5   cross complaint, naming PAI, Loumena, Kennedy, Raley, O'Connor, and Chicago Title Co as

6   defendants**.**  *Id.*  Judge Whyte noted, "The complaint and cross-complaint allege similar facts and

7   claims, all of which are nearly identical to the claim brought by Hettinga in an earlier case in this

8   district against the same defendants," referring to *Loumena II*.  *Id.* at 2.  PAI and Hettinga alleged

9   that the sale of the Property to a third party, the execution of the grant deed by Kennedy, and the

10  distribution of the proceeds from the sale violated Hettinga's and PAI's Fourth, Fifth, and

11  Fourteenth Amendment rights.  *Id.* at 2-3.  Judge Whyte found that the complaint and cross-

12  complaint were barred by the *Rooker-Feldman* doctrine and dismissed the case on October 1,

13  2014.  *Id.* at 5.  Hettinga appealed to the Ninth Circuit, which denied Hettinga in forma pauperis

14  status because "the appeal is frivolous."  *PAI*, 14-CV-01631-RMW.  The Ninth Circuit summarily

15  affirmed the district court on April 16, 2015, noting that "the questions raised in this appeal are so

16  insubstantial as to not require further argument."  *Id.*

17          On September 16, 2014, Plaintiff filed *Kennedy I*.  *Kennedy I* Dismissal at 4.  Plaintiff also

18  claimed that the sale of the Property to a third party, the execution of the grant deed by Kennedy,

19  and the distribution of the proceeds from the sale were in violation of Plaintiff's Fourth, Fifth, and

20  Fourteenth Amendment rights.  *Id.* at 8.  On February 27, 2015, like Judge Whyte in *Loumena II*

21  and *PAI*, this Court dismissed *Kennedy I* for lack of subject matter jurisdiction under the *Rooker-*

22  *Feldman* doctrine.  *Id.* at 9.

23          Despite the rulings in *Loumena II*, *PAI*, and *Kennedy I*, Plaintiff filed the instant complaint

24  just three days after the dismissal of *Kennedy I*.  ECF No. 1.  As explained above, this suit mirrors

25  *Kennedy I*.  There are very few new allegations in the instant complaint, none of which

26  substantively alter Plaintiff's *Kennedy I* allegations about Defendants' conduct in selling the

20

1    Property.  The instant case raises the same challenges to the sale of the Property, the execution of

2    the grant deed, and the distribution of the proceeds that this Court considered in *Kennedy I*.

3    Moreover, the new allegations Plaintiff did make about Plaintiff's and PAI's ownership of the

4    Property were squarely contradicted by the state court.  Plaintiff alleged that PAI purchased the

5    Property in a foreclosure sale, *see* Compl. ¶¶ 16, 19, but the state court's August 25, 2014 Order

6    expressly ruled that "[t]he foreclosure sale did not occur . . . PAI never acquired title by

7    purchasing the property in a foreclosure sale."  Aug. 25, 2014 Order at 12.  Plaintiff was well

8    aware of the state court's August 25, 2014 Order, as the Court discussed this same state court

9    order when applying the *Rooker-Feldman* doctrine in *Kennedy I*.  *See Kennedy I* Dismissal at 9.

10   When filing the instant complaint, Plaintiff had no "arguable claim" that the *Rooker-Feldman*

11   doctrine would not also apply to bar the Court's consideration of the instant complaint.  *See Conn*,

12   967 F.2d at 1421.

13        The Court recognizes that "[w]hat is objectively reasonable for a *pro* se litigant and for an

14   attorney may not be the same."  *Rupert*, 2013 WL 5289617, at *4.  However, it is inescapable that

15   a reasonably competent litigant would not, in good faith, file a complaint based on the same facts

16   and claims that the U.S. District Court for the Northern District of California has already rejected

17   three times.  *See Conn*, 967 F.2d at 1421.  Plaintiff knew that this Court dismissed *Kennedy I*, a

18   virtually identical complaint, just three days before the instant case was filed.  As discussed above,

19   Plaintiff made no changes to the complaint that would lead an objectively reasonable person to

20   believe the instant complaint warranted a different result than *Kennedy I*.

21        Further, the Court recently dismissed substantially similar suits by Plaintiff's mother and

22   Plaintiff's company PAI.  Although the record does not reflect when PAI's ownership transferred

23   to Plaintiff, Plaintiff is now the "sole member" of PAI, *see* Compl. ¶ 12, and likely was aware of

24   PAI's lawsuit and the lawsuit's dismissal under the *Rooker-Feldman* doctrine.  Moreover, Plaintiff

25   shares Hettinga's phone and fax numbers, and *Kennedy I* listed Plaintiff's email as

26   wylmina@live.com.  *See* ECF No. 29-2 (Declaration of Dave M. McGraw).  It strains credulity

21

United States District Court
Northern District of California

1  that Plaintiff was not aware of Hettinga's lawsuit or the lawsuit's dismissal, also under the

2  *Rooker-Feldman* doctrine.  Plaintiff certainly would have been aware of the lawsuits—and the

3  lack of legal foundation for the instant case—with a reasonably competent investigation.  *See*

4  *Conn*, 967 F.2d at 1421.  Plaintiff's complaint warrants sanctions because it is "clearly frivolous,"

5  "legally unreasonable or without legal foundation," and was brought without a reasonably

6  competent inquiry into the claim's merits.  *See Operating Eng'rs Pension Trust v. A-C Co.*, 859

7  F.2d 1336, 1344 (9th Cir. 1988).

8          Additionally, it appears that this complaint was brought for the improper purpose of

9  harassing Defendants.  *See G.C. & K.B. Invs., Inc.*, 326 F.3d at 1110 ("[W]ithout question,

10  successive complaints based upon propositions of law previously rejected may constitute

11  harassment under Rule 11.").  As discussed, Plaintiff brought successive complaints "based on

12  propositions of law clearly rejected by the Court."  *See id.*  Plaintiff filed the instant case just three

13  days after the dismissal of *Kennedy I* and "failed to allege anything other than the same argument

14  repeatedly rejected by this Court."  *See id.*  Defendants have been forced to respond to virtually

15  the same frivolous complaint four different times in five years.  *See id.* (affirming grant of

16  sanctions based on improper purpose when party filed four motions based on the same rejected

17  argument).  Moreover, the similarities of the complaints filed by Plaintiff and Hettinga, as well as

18  Plaintiff's and Hettinga's shared contact information, suggest to the Court that Hettinga may be

19  attempting to circumvent the three orders declaring her a vexatious litigant by filing suits through

20  Plaintiff.  *See Loumena II*, 2014 WL 4955187, at *4-5 (declaring Hettinga a vexatious litigant);

21  Aug. 25, 2014 Order (noting Hettinga was declared a vexatious litigant in the California Superior

22  Court and the California Court of Appeal).  The Court concludes that Plaintiff's successive

23  baseless filings constitute harassment.  *See id.* (affirming that successive motions were both

24  frivolous and harassing when the motions relied upon law rejected by the court).

25          The Court desires to deter Plaintiff from repeated "baseless filings" and harassment of

26  Defendants.  *Townsend*, 929 F.2d at 1362.  However, the Court recognizes that Plaintiff is *pro se*.

27

28

United States District Court
Northern District of California

1    Accordingly, the Court GRANTS Title Co.'s Motion for Sanctions in the amount of $300.

2    Plaintiff must pay the penalty to Title Co. within thirty (30) days of the filing of this order.  The

3    Court cautions Plaintiff that filing another complaint based on these same facts and claims may

4    result in greater sanctions.

5         **2.  Plaintiff's Request for Sanctions**

6         Plaintiff requests $102,000 in sanctions against Title Co.'s attorney because "Defendants

7    previously fraudulently claimed that prior lawsuits brought by [PAI] were in fact lawsuits brought

8    by Wylmina E Hettinga" and Defendants "fraudulently" switched ownership of PAI between

9    Hettinga and Plaintiff.  Opp.2 at 2-3.  However, the local rules of this Court require that all

10   motions for sanctions be separately filed.  Civ. L.R. 7-8(a).  Plaintiff's request for sanctions,

11   included within Plaintiff's opposition to Title Co.'s Motion to Dismiss, does not comply with this

12   requirement.  *See Harr v. City of Mountain View*, No. 10-CV-02995, 2010 WL 4919478, at *4

13   (N.D. Cal. Nov. 12, 2010) (denying motion for sanctions because it was not separately filed).

14        Moreover, Plaintiff makes no substantive argument as to why the actions of Title Co.'s

15   attorney warrant sanctions.  To support Plaintiff's motion for sanctions, Plaintiff cites a

16   memorandum of which the Court declined to take judicial notice.  The memorandum is an

17   unlabeled one-page excerpt of a longer document without any identifying information.  However,

18   even if the Court took notice of this memorandum, which includes one instance in which Title Co.

19   referred to PAI as Hettinga's company, the memorandum does not demonstrate that Title Co.

20   fraudulently misrepresented PAI's ownership to the Court.  Nor does the memorandum

21   demonstrate that Title Co. has in any way made a frivolous filing or filed a motion for an improper

22   purpose.  *See* Fed. R. Civ. P. 11(b).  There is simply no evidence in the record supporting a

23   sanctions award against Title Co.  Plaintiff's motion is frivolous.  Accordingly, the Court DENIES

24   Plaintiff's request for sanctions.

25        **D.  Motion to Declare Plaintiff a Vexatious Litigant**

26        District courts have the inherent power under the All Writs Act to declare a party a

27                                                                    23

28

United States District Court
Northern District of California

vexatious litigant and impose upon him appropriate pre-filing restrictions.  *See Ringgold-Lockhart v. Cnty. of L.A.*, 761 F.3d 1057, 1061 (9th Cir. 2014) (citing 28 U.S.C. § 1651(a)).  "Out of regard for the constitutional underpinnings of the right to court access, 'pre-filing orders should rarely be filed.'"  *Id.* at 1062 (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)).  "Nevertheless, 'flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.'"  *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (brackets omitted) (quoting *De Long*, 912 F.2d at 1148) .

"When district courts seek to impose pre-filing restrictions, they must:  (1) give litigants notice and 'an opportunity to oppose the order before it [is] entered'; (2) compile an adequate record for appellate review, including 'a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed'; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as 'to closely fit the specific vice encountered.'"  *Ringgold-Lockhart*, 761 F.3d at 1062 (alteration in original) (quoting *De Long*, 912 F.2d at 1147-48).  "The first and second of these requirements are procedural, while the latter two factors are substantive considerations that help the district court define who is, in fact, a vexatious litigant and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts."  *Id.* (alterations omitted).  The Court addresses each requirement in turn.

### 1.  Adequate Notice

As to the first factor, "[t]he requirement that the plaintiff receive an opportunity to be heard does not require an oral hearing; 'the opportunity to brief the issue fully satisfies due process requirements.'"  *See Reddy v. MedQuist, Inc.*, No. CV 12-01324 PSG, 2012 WL 6020010, at *3 (N.D. Cal. Dec. 3, 2012) (quoting *Molski*, 500 F.3d at 1059).  Here, Plaintiff filed written opposition to the motion to declare him a vexatious litigant.  Opp.2.  Accordingly, Plaintiff had adequate notice and opportunity to oppose this order.  *See Molski*, 500 F.3d at 1058 (finding

24

United States District Court
Northern District of California

1   adequate notice when the court's order was prompted by defendants' motion and served on

2   plaintiff's counsel).

3       **2.   Record for Review**

4       Under the second factor, the Court must compile an adequate record for review, including

5   "a listing of all the cases and motions that led the district court to conclude that a vexatious order

6   was needed." *De Long*, 912 F.2d at 1147.  The Court has already detailed Plaintiff's prior

7   lawsuits, as well as the lawsuits filed by Plaintiff's company PAI, Hettinga, and Plaintiff's brother.

8   To complete the record, however, the Court will briefly summarize Plaintiff's litigation history.

9       Plaintiff has filed four lawsuits arising out of the Hettinga-Loumena divorce proceedings,

10  including the instant case.  *Hammon II*, No. 15-CV-03613-NC; *Nichols I*, No. 15-CV-01372-BLF;

11  *Kennedy I*, No. 14-CV-04165-LHK.  Plaintiff's first suit, *Kennedy I*, presented virtually identical

12  allegations against the same defendants as the instant case.  *See generally* Compl.; *Kennedy I*

13  Compl.  The instant case adds only some new allegations about Plaintiff's and PAI's ownership of

14  the Property.  *See generally* Compl.; *Kennedy I* Compl.  *Kennedy I* and the instant case raise the

15  same claim that the sale of the Property to a third party, the execution of the grant deed by

16  Kennedy, and the distribution of the proceeds from the sale violate Plaintiff's Fourth, Fifth, and

17  Fourteenth Amendment rights.  *Kennedy I* Dismissal at 8.  *Kennedy I*, like the instant case, was

18  dismissed for lack of subject matter jurisdiction.  *Id.* at 9.  Moreover, Plaintiff filed the instant case

19  three days after this Court dismissed *Kennedy I*.

20      *Kennedy I*, and the instant case, followed similar suits filed by Plaintiff's company PAI

21  and Hettinga.  In *Loumena II*, Hettinga sued Loumena and Kennedy and alleged that she or PAI

22  owned the Property and that Kennedy granted the Property to Loumena in violation of Hettinga's

23  Fourth, Fifth, and Fourteenth Amendment rights.  *Loumena II*, No. 13-CV-02217-RMW.  In *PAI*,

24  PAI sued Hettinga, Loumena, Kennedy, Raley, and O'Connor while Hettinga filed a cross-

25  complaint against PAI, Loumena, Kennedy, Raley, O'Connor, and Chicago Title Co.  *PAI*

26  Dismissal.  The Court in *PAI* found that the "complaint and cross-complaint allege similar facts

27  25

28  ORDER GRANTING MOTIONS TO DISMISS, GRANTING TITLE CO.'S MOTION FOR SANCTIONS,
    DENYING PLAINTIFF'S MOTION FOR SANCTIONS, AND DECLARING PLAINTIFF A VEXATIOUS
    LITIGANT

United States District Court
Northern District of California

1    and claims, all of which are nearly identical to the claim brought by Hettinga in an earlier case in

2    this district against the same defendants," referring to *Loumena II*.  *Id.* at 2.  Both *Loumena II* and

3    *PAI* were dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine in

4    2014.  As discussed in detail above, this Court examined this litigation history and concluded that

5    the instant complaint was frivolous, harassing, and warrants sanctions.  *See supra* Part III.C.1.

6         Plaintiff's second suit in this district challenged a Superior Court Judge's January 6, 2015

7    refusal to hear any more requests for declaratory relief from a state court order requiring Plaintiff

8    to be in the care of Loumena and have limited contact with Hettinga.  *Nichols I*, No. 15-CV-

9    01372-BLF.  Like *Kennedy I*, Plaintiff's second suit was dismissed for lack of subject matter

10   jurisdiction under the *Rooker-Feldman* doctrine.  Further, like *Kennedy I*, Plaintiff's second suit

11   overlaps substantially with other lawsuits filed by Plaintiff's family members.  Plaintiff's younger

12   brother filed a virtually identical suit challenging the same Superior Court Judge's January 6, 2015

13   refusal to hear more requests for declaratory relief from an order barring Plaintiff's younger

14   brother from Hettinga's custody.  *Nichols II*, 15-CV-02303-BLF.  Additionally, Hettinga filed a

15   lawsuit on behalf of herself, Plaintiff, Plaintiff's younger brother, and Hettinga's other minor

16   children challenging the state court's limitation of Hettinga's visitation rights.  *Hammon I*, No. 09-

17   CV-06040-JW.  Although Plaintiff's brother's suit remains pending, Hettinga's suit was dismissed

18   for lack of subject matter jurisdiction on December 28, 2009.

19        Plaintiff filed his third case arising out of the Hettinga-Loumena divorce proceedings on

20   August 6, 2015.  *Hammon II*, No. 15-CV-03613-NC.  Plaintiff sued Hammon and Krepelka—both

21   defendants in the instant case—over the distribution of Plaintiff's money from the proceeds of the

22   sale of the Property.  *Id.*; ECF No. 45 (Plaintiff's Motion to Relate).  Plaintiff's third case remains

23   pending.

24        Thus, Plaintiff, Plaintiff's company PAI, Hettinga, and Plaintiff's brother have filed eight

25   substantially overlapping lawsuits in this district.  Plaintiff's mother and brother have filed an

26   additional four lawsuits arising out of the Hettinga-Loumena divorce proceedings.  *See Paliwal*,

United States District Court
Northern District of California

1   No. 15-CV-02246-BLF; *Barth*, No. 14-CV-05423-LHK; *Loumena I*, No. 10-CV-02975-JSW;

2   *Orlando*, No. 09-CV-00253-JW.  Of the twelve total cases in this district arising from the

3   Hettinga-Loumena divorce proceedings, eight cases, now including this one, have faced a motion

4   to dismiss.  All eight have been dismissed for lack of subject matter jurisdiction.  *See Nichols I*,

5   No. 15-CV-01372-BLF (collecting cases).  Two of the dismissed cases have been summarily

6   affirmed by the Ninth Circuit.  *PAI*, 14-CV-01631-RMW; *Orlando*, No. 09-CV-00253-JW; *see*

7   *also Loumena II*, No. 13-CV-02217-RMW (appeal pending).

8           Additionally, Hettinga has been declared a vexatious litigant in this district and in the state

9   Superior Court and the state Court of Appeal.  *See Loumena II*, 2014 WL 4955187, at *4-5

10  (declaring Hettinga a vexatious litigant); Aug. 25, 2014 Order at 8.  This record, the Court

11  concludes, is adequate for review.  *See Sephry-Fard v. Select Portfolio Servicing, Inc., et al.*, No.

12  14-CV-05142-LHK, 2015 WL 1063070, at *8 (N.D. Cal. Mar. 10, 2015) (finding the second

13  factor met where the court discussed the relevant federal court suits and motions).

14          **3.  Substantive Finding**

15          Under the third factor, a district court must make a substantive finding that the party's

16  litigation has been either frivolous or harassing.  *Ringgold-Lockhart*, 761 F.3d at 1064.  "To

17  determine whether the litigation is frivolous, district courts must look at both the number and

18  content of the filings as indicia of the frivolousness of the litigant's claims."  *Id.*  There is no

19  numerical baseline for frivolousness, but a district court must find that the litigant has filed an

20  "inordinate" number of actions.  *Id.*  "Litigiousness alone," the Ninth Circuit has said, "is not

21  enough."  *Id.*  As to the content of the filings, the party's claims must "be patently without merit."

22  *Id.*  Litigation is harassing, moreover, where "the litigant's filings show a pattern of harassment."

23  *Id.*  Courts should "be careful not to conclude that particular types of actions filed repetitiously are

24  harassing, and must instead discern whether the filing of several similar types of actions

25  constitutes an intent to harass the defendant or the court."  *Id.* (alterations omitted).

26          In addition, the Ninth Circuit has identified five factors courts should consider in

27                                          27

28  ORDER GRANTING MOTIONS TO DISMISS, GRANTING TITLE CO.'S MOTION FOR SANCTIONS,
    DENYING PLAINTIFF'S MOTION FOR SANCTIONS, AND DECLARING PLAINTIFF A VEXATIOUS
    LITIGANT

United States District Court
Northern District of California

1  determining whether a party's litigation qualifies as frivolous or harassing:

2        (1) the litigant's history of litigation and in particular whether it entailed vexatious,
          harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation,
3        e.g., does the litigant have an objective good faith expectation of prevailing?; (3)
          whether the litigant is represented by counsel; (4) whether the litigant has caused
4        needless expense to other parties or has posed an unnecessary burden on the courts
          and their personnel; and (5) whether other sanctions would be adequate to protect
5        the courts and other parties.

6  *Id.* at 1062.

7        Having considered these five factors, as well as the standards detailed above, the Court

8  concludes Plaintiff is a vexatious litigant.  The first and second factors weigh heavily in favor of

9  declaring Plaintiff vexatious.  Again, Plaintiff has filed at least four lawsuits aimed at undermining

10  state court orders on issues arising out of the Hettinga-Loumena divorce proceedings.  Plaintiff has

11  not prevailed in any.  Further, Plaintiff's lawsuits are "duplicative."  *Id.*  Plaintiff filed the instant

12  lawsuit three days after the dismissal of *Kennedy I*, which was virtually identical.  Both *Kennedy I*

13  and the instant lawsuit are duplicative of previous lawsuits filed by Plaintiff's company PAI and

14  Hettinga.  Plaintiff lacked "an objective good faith expectation of prevailing" in the instant case.

15  *See id.*

16        Additionally, Plaintiff's second lawsuit challenging the state court visitation order is

17  virtually identical to a lawsuit filed by Plaintiff's younger brother, and both of those lawsuits

18  overlap with a lawsuit filed by Hettinga.  *See id.* at 1064 (noting litigant may be declared

19  vexatious when the filings "show a pattern of harassment").

20        None of the lawsuits filed by Plaintiff, Plaintiff's company PAI, Hettinga, or Plaintiff's

21  brother have been successful on the merits.  Rather, eight of the twelve lawsuits filed by these

22  litigants, including the instant lawsuit, have been dismissed for lack of subject matter jurisdiction

23  under the *Rooker-Feldman* doctrine.  *See Nichols I*, No. 15-CV-01372-BLF (collecting cases).

24  These cases have been "patently without merit."  *See Ringgold-Lockhart*, 761 F.3d at 1064.  Thus,

25  that Plaintiff has filed only four lawsuits as a named plaintiff does not undermine the Court's

26  conclusion that Plaintiff is a vexatious litigant.  *See Sepehry-Fard*, 2015 WL 1063070, at *9

27
Case No. 15-CV-00951-LHK
28  ORDER GRANTING MOTIONS TO DISMISS, GRANTING TITLE CO.'S MOTION FOR SANCTIONS,
    DENYING PLAINTIFF'S MOTION FOR SANCTIONS, AND DECLARING PLAINTIFF A VEXATIOUS
    LITIGANT

1    (declaring plaintiff vexatious based on eleven lawsuits).

2        Further, the similarities of the complaints filed by Plaintiff and Hettinga suggest to the

3    Court that Hettinga may be attempting to circumvent the order of the U.S. District Court, the

4    California Superior Court, and the California Court of Appeal declaring Hettinga a vexatious

5    litigant by filing suits through Plaintiff.  Plaintiff shares Hettinga's phone and fax numbers, and in

6    a previous case listed Plaintiff's email as "wylmina@live.com."  *See* ECF No. 29-2 (Declaration

7    of Dave M. McGraw).  This further bolsters the Court's conclusion that Plaintiff's litigation is

8    filed to harass Defendants.

9        The fourth factor also weighs in favor of declaring Plaintiff a vexatious litigant.  As

10    discussed, Plaintiff's four suits have been duplicative of other lawsuits filed by Plaintiff's

11    company PAI, Hettinga, and Plaintiff's brother.  The twelve cases of Plaintiff, Plaintiff's company

12    PAI, Hettinga, and Plaintiff's brother have raised similar claims against similar groups of

13    defendants.  For example, Hammon has been a defendant in nine cases, including all four of

14    Plaintiff's cases.  These lawsuits have required Defendants, and the Court, to duplicate effort to

15    address similar claims before six different judges in the Northern District of California.  Plaintiff

16    "without question" has "caused unnecessary expense to [his] opposing parties and ha[s] posed an

17    unnecessary burden on the courts."  *See Sepehry-Fard*, 2015 WL 1063070, at *10.

18        Plaintiff does not address these factors or defend his litigation history.  Instead, Plaintiff

19    claims that "Defendants previously fraudulently claimed that prior lawsuits brought by [PAI] were

20    in fact lawsuits brought by Wylmina E Hettinga" and Defendants "fraudulently" switched

21    ownership of PAI between Hettinga and Plaintiff.  Opp.2 at 2-3.  As discussed above, Plaintiff

22    does not demonstrate that Defendants fraudulently misrepresented PAI's ownership to the Court.

23    Further, Plaintiff does not explain why the alleged improper behavior by Title Co. affects

24    *Plaintiff's* declaration as a vexatious litigant.  Lastly, Plaintiff does not dispute that Hettinga and

25    PAI—and Plaintiff himself—have filed substantially similar lawsuits about the sale of the

26    Property.

27

28

Case No. 15-CV-00951-LHK
ORDER GRANTING MOTIONS TO DISMISS, GRANTING TITLE CO.'S MOTION FOR SANCTIONS,
DENYING PLAINTIFF'S MOTION FOR SANCTIONS, AND DECLARING PLAINTIFF A VEXATIOUS
LITIGANT

1    The third and fifth factors do not counsel a different result. "[P]ro se litigants are not

2    immune from a vexatious litigation finding." *Sepehry-Fard*, 2015 WL 1063070, at *11.

3    Notwithstanding Plaintiff's status as a pro se litigant, the record amply shows that his litigation

4    has been frivolous and harassing. Plaintiff's suits are "preempt[ing] the use of judicial time that

5    properly could be used to consider the meritorious claims of other litigants." *Molski*, 500 F.3d at

6    1057. Furthermore, the Court does not believe that other sanctions would adequately protect the

7    courts and prospective defendants. It appears to the Court that Hettinga may be attempting to

8    avoid the orders of the U.S. District Court, the California Superior Court, and the California Court

9    of Appeal declaring Hettinga a vexatious litigant by filing suits through her children. Given this

10   potential disregard of the orders declaring Hettinga a vexatious litigant and the repeated

11   duplicative filings by Plaintiff, the Court finds that other remedies would not be "adequate to

12   protect the courts and other parties." *See Ringgold-Lockhart*, 761 F.3d at 1062. The Court

13   concludes that a narrowly tailored pre-filing order is the most appropriate remedy in this instance.

14      **4.  Narrowly Tailored Remedy**

15      "Finally, pre-filing orders must be narrowly tailored to the vexatious litigant's wrongful

16   behavior." *Ringgold-Lockhart*, 761 F.3d at 1066. A narrowly tailored order, thus, should restrain

17   the "plaintiff from filing only the type of claims [he] had been filing vexatiously." *Id.*; *see also*

18   *Molski*, 500 F.3d at 1061.

19      Here, Plaintiff's abusive behavior is the filing of duplicative lawsuits arising out of the sale

20   of the Property at 21251 Almaden Road, San Jose, CA and the distribution of the proceeds. The

21   Court therefore enjoins Plaintiff from filing any documents in this case or from filing any new

22   action in the U.S. District Court for the Northern District of California arising out of facts related

23   to sale of the Property at 21251 Almaden Road, San Jose, CA or to the distribution of the proceeds

24   from the sale, without passing a pre-filing review. By requiring pre-filing review of Plaintiff's

25   future actions related to the sale of the Property and the distribution of the proceeds, the Court

26   seeks to preclude Plaintiff from further harassing the individuals involved in the sale and to ensure

27                                                    30

28

United States District Court
Northern District of California

1  respect of the Court's order declaring Hettinga a vexatious litigant.

2  IV.   **CONCLUSION**

3       For the foregoing reasons, the Court rules as follows:

4       • The Court GRANTS Defendants' motions to dismiss without prejudice;

5       • The Court GRANTS Title Co.'s Motion for Sanctions against Plaintiff in the

6            amount of $300, which Plaintiff must pay to Title Co. within thirty days of the

7            filing of this order;

8       • The Court DENIES Plaintiff's Motion for Sanctions against Title Co.; and

9       • The Court DECLARES Plaintiff to be a vexatious litigant.

10      This order is not a bar to Plaintiff bringing lawsuits; it merely requires pre-filing review.

11  Plaintiff does not currently file electronically.  Plaintiff must file at the office of the Clerk of this

12  Court.  The Clerk may not file or accept any further documents in this case or any new complaints

13  filed by or on behalf of Plaintiff as a named plaintiff that arise out of facts related to the sale of the

14  Property at 21251 Almaden Road, San Jose, CA or to the distribution of the proceeds from the

15  sale.  If Plaintiff wishes to file a document in this case or a complaint arising out of facts related to

16  the sale of the Property or to the distribution of the proceeds, Plaintiff shall provide a copy of any

17  such document or complaint and a copy of this order to the Clerk of this Court.  The Clerk shall

18  then forward the document or complaint and a copy of this order to the Duty Judge for a

19  determination whether the document or complaint should be accepted for filing.  If the Duty Judge

20  determines that the document or complaint is duplicative or frivolous, it will not be filed and will

21  be returned to Plaintiff.  If the document or complaint is neither duplicative nor frivolous, it will

22  be given to the Clerk with instructions to file it.  Any violation of this order will expose Plaintiff to

23  a contempt hearing and appropriate sanctions, and any action filed in violation of this order will be

24  subject to dismissal with prejudice.

25      The Clerk shall close the case file.

26

27                                        31

28

United States District Court
Northern District of California

1    **IT IS SO ORDERED.**

2

3    Dated:  October 13, 2015

4                                                    _____

5                                                    LUCY H. KOH
                                                     United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 15-CV-00951-LHK
ORDER GRANTING MOTIONS TO DISMISS, GRANTING TITLE CO.'S MOTION FOR SANCTIONS,
DENYING PLAINTIFF'S MOTION FOR SANCTIONS, AND DECLARING PLAINTIFF A VEXATIOUS
LITIGANT